# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,  )
)
Plaintiff,  )
v.  )
)
HAROLD C. BISSOON JR.,  )   Cr. ID. No. 1212011142
)
Defendant.  )
)

Submitted: June 12, 2017
Decided: June 28, 2017

Upon Commissioner's Report and Recommendation That Defendant's Second
Motion for Postconviction Relief Should be Summarily Dismissed

**ADOPTED**

## ORDER

This 28th day of June, 2017, the Court has considered the Commissioner's Report and Recommendation on Defendant's Motion for Postconviction Relief, Defendant's objections to the Commissioner's Findings of Fact and Recommendations, and the relevant proceedings below.

On May 8, 2017, Defendant Harold C. Bissoon Jr. filed his second *pro se* motion for postconviction relief. The motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 61 for proposed findings of fact and conclusions of law. The Commissioner issued the Report and Recommendations on June 1, 2017. The Commissioner

1

recommended that Defendant's Motion for Postconviction Relief be summarily dismissed.

"In second or subsequent postconviction motions, the motion shall be summarily dismissed unless the defendant establishes: 1) that new evidence exists that creates a strong inference that he is actually innocent of the charge for which he was convicted, or 2) the existence of a new rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[1] If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified.[2]"

Defendant filed objections to the Commissioner's report. Defendant's objections were with regard to the Court's acceptance of his plea. Defendant cited Rule 11, and essentially claimed that the Court should not have accepted his plea because the Court did not have jurisdiction to do so. However, this objection already was addressed in the Commissioner's report. The Court found that Mr. Bissoon had entered into his plea knowingly, intelligently, and voluntarily.[3] Mr. Bissoon acknowledged his guilt as to each of the charges to which he pled guilty.[4]

---

[1] Super.Ct.Crim.R. 61(d)(2)& (5); and Rule 61(i) (effective June 4, 2014)
[2] Super.Ct.Crim.R. 61(d)(5)
[3] *State v. Bissoon*, 2015 WL 1566863, *4-5 (Del.Super.)
[4] *Id.*

2

Because the plea was entered knowingly, intelligently, and voluntarily, the Court accepted Defendant's plea.

Defendant Mr. Bissoon has not demonstrated that new evidence or law exists entitling him to postconviction relief. Mr. Bissoon's claims are based on facts of which he was aware at the time he entered his guilty plea. Because Mr. Bissoon was aware of these facts, Defendant waived his right to raise these claims when he entered into his plea.

The Court holds that the Commissioner's Report and Recommendation dated June 1, 2017, should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby adopts the Commissioner's Report and Recommendations in its entirety. Defendant's Motion for Postconviction Relief is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

3